Chen v. Rosen

BIA
A078 855 945

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand twenty-one.

PRESENT:
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> DENNY CHIN,
> > *Circuit Judges.*

_____

YONG CHEN, AKA XUE LING CHEN,
> *Petitioner,*

v.                                          **19-3199**
                                            **NAC**

JEFFREY A. ROSEN, ACTING UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*[1]

_____

**FOR PETITIONER:**              Jean Wang, Esq., Flushing, NY.

**FOR RESPONDENT:**              Jeffrey Bossert Clark, Acting
                                 Assistant Attorney General;

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Jeffrey A. Rosen is automatically substituted for former Attorney General William P. Barr as Respondent.

Stephen J. Flynn, Assistant Director; Lynda A. Do, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yong Chen, a native and citizen of the People's Republic of China, seeks review of a September 30, 2019, decision of the BIA denying his motion to reopen. *In re Yong Chen,* No. A078 855 945 (B.I.A. Sept. 30, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Before the BIA, Chen argued that the agency did not have jurisdiction to commence removal proceedings and that he was eligible for cancellation of removal because his notice to appear ("NTA"), which did not contain a hearing date or time, was

2

deficient under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and thus did not vest jurisdiction or stop time for calculating the physical presence required for cancellation.

It is undisputed that Chen's 2018 motion to reopen was untimely because it was filed more than 13 years after his removal order became final in 2005. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Chen argues that the BIA should have excused the time limit and reopened *sua sponte* given the intervening decision in *Pereira*. Because Chen's underlying arguments are without merit, the BIA did not err in declining either to excuse the time limitation based on *Pereira* or exercise its authority to reopen *sua sponte*. *See* 8 C.F.R. § 1003.2(c)(3) (listing exceptions to the time limitation); *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009) (recognizing that BIA may reopen *sua sponte*, but explaining that remand is appropriate where BIA misperceived the law in declining to exercise that authority); *see also INS v. Abudu*, 485 U.S. 94, 104 (1988) (motion to reopen may be denied for failure to establish a prima facie case).

3

In *Pereira*, the Supreme Court held that the Immigration and Nationality Act unambiguously requires an NTA to include a hearing time and place to trigger the "stop-time rule," 138 S. Ct. at 2113–20, which cuts off a noncitizen's accrual of physical presence or residence for the purposes of cancellation of removal, *see* 8 U.S.C. § 1229b(a), (b), (d)(1). We have rejected the argument that an NTA that omits hearing information is insufficient to vest the immigration court with jurisdiction over removal proceedings "so long as a notice of hearing specifying this information is later sent to the alien." *Banegas Gomez v. Barr*, 922 F.3d 101, 112 (2d Cir. 2019). Although Chen's 2002 NTA did not specify the date and time of his initial hearing, he unquestionably received notice of the hearings at which he appeared and thus the BIA did not err in rejecting his jurisdictional argument.

We likewise find no error in the BIA's determination that Chen failed to establish his prima facie eligibility for cancellation of removal because he did not allege that his removal would cause his U.S. citizen son, or another qualifying relative, any specific hardship, much less

4

"exceptional and extremely unusual hardship."  8 U.S.C. § 1229b(b)(1)(D); *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001) (requiring applicant to show hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves this country" (internal quotation marks omitted)).  Accordingly, we do not reach Chen's argument that his NTA was ineffective to stop his accrual of physical presence.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court